Michelle R. Ghidotti-Gonsalves, Esq. (232837)
Jennifer R. Bergh, Esq. (305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807
Tel: (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorneys for Movant,
Bosco Credit LLC, its successors
and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| In Re:<br><br>Antonette Marie Solorio,<br><br>    Debtor. | CASE NO.: 16-41605<br><br>CHAPTER 13<br><br>REF.: MRG-1<br><br>STIPULATION FOR ORDER FOR ADEQUATE PROTECTION<br><br>DATE: April 28, 2017<br>TIME: 10:00 a.m.<br>CTRM: 215<br>PLACE: U.S. Bankruptcy Court, 1300 Clay Street, Oakland, CA 94612<br>Honorable Judge Charles Novack |

    Secured Creditor Bosco Credit LLC ("**Movant**"), by and through its attorney of record, The Law Offices of Michelle Ghidotti, by Michelle Ghidotti-Gonsalves, Esq., and the Debtor Antonette Marie Solorio, (the "**Debtor**") by and through their attorney of record, Kristy A. Hernandez, Esq., enter into this Stipulation for Order for Adequate Protection based

1
STIPULATION FOR ORDER FOR ADEQUATE PROTECTION

on the following facts:

## RECITALS

1. Debtor executed and delivered to Cal State 9 Creditr Union a Home Equity Line of Credit Agreement and Disclosure Statement, dated Augsut 31, 2005, with an original credit limit of $75,000.00 and an original advance of $15,000.00 (the "**Note**").

2. Concurrently therewith, and as security for the Note, Debtor executed and delivered to Cal Stat 9 Credit Union, a Deed of Trust which was recorded in the Official Records of Alameda County, California as Document No. 200538347 (the "**Deed of Trust**"), and which encumbers the Property.

3. Thereafter all interests in the Deed of Trust were assigned by Assignment of Deed of Trust from Cal Stat 9 Credit Union to Bosco Credit LLC, recorded in the Official Records of Alameda County California, on July 16, 2008, as Document No.: 2008217198 (the "**Assignment**")

4. Movant holds all rights, title, and interests in the Note and Deed of Trust.

5. Movant is in possession of the original Note.

6. On April 13, 2017, Movant filed a Motion for Relief from the Automatic Stay ("**MFR**"), indicating that the Debtor was due and owing for 10 post-petition payments for a total post-petition default of $9,094.80, including attorney fees and costs in the amount of $1,031.00.

7. Debtor cured the post-petition default prior to the MFR hearing.

8. Based upon the foregoing facts, Movant and Debtor stipulate as follows:

## STIPULATION

A. The Debtors will make their June 1, 2017 payment, and all payments going forward in the amount of $806.38 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the first day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered to the contrary.

B. In addition to maintaining their mortgage payments, the Debtors shall be required to maintain all plan payments to the Chapter 13 Trustee.

C. Debtors must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.

D. Upon any default in the terms and conditions set forth in paragraphs A through C of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor's attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtor by U.S. Mail. If the Debtor fails to cure the default within 10 days after service of such written notice Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing.

E. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtor shall be entitled to a Maximum of <u>Two</u> Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted one time on the obligations imposed by this order and has been served with one Notice of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failure to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

F. Movant shall be entitled to charge a fee of $150.00 for any ten (10) day written notice required because of default.

G. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

H. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court

order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

I. If Movant obtains relief from stay based on the Debtors' default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

J. If relief from stay is granted by virtue of default, the requirements of Bankruptcy Rule 3002.1 shall be hereby waived.

K. In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtor.

Approved as to Form and Content:

Dated: June 6, 2017            THE LAW OFFICES OF MICHELLE
                               GHIDOTTI

                               /s/ Michelle R. Ghidotti-Gonsalves, Esq.
                               Michelle R. Ghidotti-Gonsalves, Esq.,
                               Attorney for Bosco Credit LLC

Dated: May 30, 2017

                               Kristy A. Hernandez, Esq.
                               Attorney for Debtor, Antonette Marie Solorio

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. LaPalma Ave., Suite 206
Anaheim, CA 92807
Ph: (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorney for Creditor
Bosco Credit LLC, its Successors and Assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 16-41605 |
| Antonette Marie Solorio, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 5120 E. LaPalma Ave., Ste. 206, Anaheim, CA 92807.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1

On June 6, 2017 I served the following documents described as:

- **STIPULATION FOR ORDER FOR ADEQUATE PROTECTION**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Antonette Marie Solorio<br>1887 Travertine Way<br>Union City, CA 94587 | **Chapter 13 Trustee**<br>Martha G. Bronitsky<br>P.O. Box 5004<br>Hayward, CA 94540 |
|---|---|
| **Debtor's Counsel**<br>Kristy A. Hernandez<br>Hernandez Law Offices, Inc.<br>7777 Greenback Ln. #212<br>Citrus Heights, CA 95610 | **U.S. Trustee**<br>Office of the U.S. Trustee/Oak<br>Office of the United States Trustee<br>Phillip J. Burton Federal Building<br>450 Golden Gate Ave. 5th Fl., #05-0153<br>San Francisco, CA 94102<br><br>**Judge**<br>Honorable Charles Novack<br>1300 Clay Street, Courtroom 215<br>Oakland, CA 94612 |

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 6, 2017 at Anaheim, California

/s / *Jeremy Romero*
Jeremy Romero

2